COMMONWEALTH *vs.* ETHAN A. CRAWFORD.

Since *St.* 1839, *c.* 161, no appeal lies to this court from the judgment of the court of common pleas upon a motion in arrest of judgment in a criminal case; but the remedy is by a bill of exceptions.

THE defendant, being convicted by a justice of the peace, upon a complaint, containing two counts, for illegal sales of liquors, on the 4th of December, 1851, to be used in his house, contrary to Rev. Sts. *c.* 47, § 2, and sentenced to pay a fine of twenty dollars and costs, appealed to the court of common pleas. After judgment by default in that court, he filed a motion in arrest of judgment, because the complaint did not allege in the first count that the quantity sold was less than twenty-eight gallons, and in the second count, did not aver a sale of spirituous liquor, but only of "intoxicating" liquor. After the motion was filed, the district attorney entered a *nol. pros.* as to the second count, and the motion in arrest was overruled. The defendant appealed to this court.

*A. V. Lynde*, for the defendant. 1. The judgment by default was upon both counts, and was erroneous, and after judgment, one count could not be *nol. pros.* or the judgment changed. *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Stedman*, 12 Met. 444.

2. There is no offence in a sale of spirituous liquors, as there is no statute against such sale, but only against a sale of intoxicating liquors. Rev. Sts. *c.* 47, §§ 1, 2, 3, as amended by *St.* 1850, *c.* 232, striking out the word spirituous, and inserting the word intoxicating. 2 Hale P. C. 170; *Commonwealth* v. *Tuck*, 20 Pick. 362.

*J. H. Clifford*, (attorney-general,) for the commonwealth.

BY THE COURT. 1. We are inclined to believe that it is not necessary to allege the quantity sold to be less than twenty-eight gallons. *Commonwealth* v. *Brown*, 12 Met. 522.

2. The magistrate's jurisdiction, extending to twenty dollars, his judgment could be well maintained on the first count, even if the second count was bad; but intoxicating liquors includes spirituous liquors and something more. Spirituous liquor is intoxicating, and the complaint is the same as if it alleged a sale of " rum," " brandy," &c.

3. But this appeal was not rightly taken, and allowed. It should have come up upon exceptions. *St.* 1839, *c.* 161. The appeal must, therefore, be dismissed, without absolutely deciding the points of law presented, and the case remitted to the court of common pleas for their consideration.

*Case remitted.*